IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS MOODY,  :

    Petitioner,

v.  :  Case No. 3:18-cv-139

TOM SCHWEITZER, Warden,  JUDGE WALTER H. RICE
Lebanon Correctional Institution,

    :

    Respondent.

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #27) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #38); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##36, 43); DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1 AS AMENDED BY DOC. #7); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

---

Petitioner Curtis Moody was convicted of murder, felonious assault and having weapons while under disability. Moody's judgment was affirmed on direct appeal. *State v. Moody*, 2016-Ohio-8366, 2016 WL 7496642 (2d Dist. Dec. 23, 2016).

Moody filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1, asserting five Grounds for Relief. Before Respondent answered, Moody amended his Petition to include another Ground for Relief, Doc. #7. In his Traverse, Doc. #22, Moody attempts to add two additional Grounds for Relief.

United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #27, recommending that the Court dismiss the Petition with prejudice, and deny a certificate of appealability and leave to appeal *in forma pauperis*. Moody filed Objections to that judicial filing, Doc. #36. The Court then recommitted the matter to Magistrate Judge Merz, Doc. #37, who issued a Supplemental Report and Recommendations, Doc. #38, again recommending dismissal with prejudice. Moody has filed Objections, Doc. #43, to the Supplemental Report and Recommendations.

The Court must make a *de novo* review of those portions of the Reports and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations, Doc. #27, and Supplemental Report and Recommendations, Doc. #38, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety. The Court OVERRULES Petitioner's Objections, Docs. ##36, 43.

I.

In the First Ground for Relief, Petitioner claims that the trial court's refusal to suppress photo identification evidence violated his due process rights. There were several eyewitnesses to Moody's murder of Jeffrey Farr. The first eyewitness interviewed by the police was shown a computer-generated photo array with six

2

photographs, including Moody's and D.W.'s. The eyewitness identified D.W. as the shooter. Because the detective forgot to save that photo array in his computer, he had to generate a new photo array when other eyewitnesses were interviewed the following week. The new photo array did not include D.W.'s photograph. All other eyewitnesses identified Moody as the shooter.

The Second District Court of Appeals held that the trial court properly overruled the motion to suppress the pretrial identifications because the photo arrays were not "unduly suggestive." *Moody*, 2016-Ohio-8366, at ¶33. The Court agrees with Magistrate Judge Merz that the Second District's decision is neither contrary to, nor an objectively unreasonable application of, controlling Supreme Court precedent as set forth in *Neil v. Biggers*, 409 U.S. 188 (1972), and *Manson v. Brathwaite*, 432 U.S. 98 (1977). Nor did it rest on an unreasonable determination of the facts.

As the Magistrate Judge explained, nothing about the fact that D.W.'s photo was not included in the subsequent photo arrays renders those arrays "unduly suggestive," and it is purely speculative to suggest that the other eyewitnesses would not have identified Moody as the shooter if D.W.'s photo had been included. Moreover, there is no evidence of bad faith on the part of the detective who failed to save the initial photo array. The Court therefore DISMISSES the First Ground for Relief WITH PREJUDICE.

II.

In his Second Ground for Relief, Moody maintains that the trial court deprived him of a fair trial when it failed to grant his attorney's oral motion to continue the trial. He points to a sidebar conversation at trial in which his attorney objected to the presentation of still photographs of Farr's body, which were taken from the police cruiser video. The attorney, noting that he had just received the photographs two days earlier, "renewed" his objection "based on the request for a continuance, because I just saw these on Saturday." The court overruled the objection. Doc. #15-3, PageID##823-24.

Moody maintains that the prosecution's failure to produce the photographs in a timely manner violated *Brady v. Maryland*, 373 U.S. 83 (1963), and that the court erred in failing to grant a continuance. The Second District Court of Appeals held that, even assuming that this was *Brady* material, there was no *Brady* violation because the material was disclosed prior to trial and there was no indication that Moody was prejudiced by the delay. 2016-Ohio-8366, at ¶45. The court also noted that, despite defense counsel's reference to a "renewed objection," there was no written motion and the transcript contains no discussion of an earlier request for a continuance. Moreover, there was no suggestion at the sidebar of any prejudice. *Id.* at ¶ 40. The Second District concluded that, based on the limited record and the lack of apparent prejudice, the trial court did not abuse its discretion in refusing to continue the trial. *Id.* at ¶ 41.

Magistrate Judge Merz found, and the undersigned agrees, that the still photographs are not *Brady* material. Moody admits that the state used them to bolster the case *against* him, and he makes no effort to explain how the photos are exculpatory or how he could have used them to impeach the State's witnesses.[1] Moreover, under the circumstances presented here, Moody has not demonstrated that the denial of the request for a continuance rose to the level of a due process violation. *See Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (holding that this is a matter within the discretion of the trial judge, and not all denials of requests for additional time violate due process).

Accordingly, the Court DISMISSES the Second Ground for Relief WITH PREJUDICE.

### III.

In the Third Ground for Relief, Moody argues that the trial court abused its discretion in designating Zanetta White, the mother of two of Moody's children, and Rhonda Alves, Moody's mother, as court witnesses. The Second District held that the court did not designate White as a court's witness and did not commit plain error in allowing the State to ask her leading questions. 2016-Ohio-8366, at ¶¶58-60. The trial court did designate Alves as a court's witness, but only after

---

[1] To the extent Moody also argues that the photographs were not properly authenticated, this is a matter of state evidence law, not cognizable in habeas corpus.

5

her evasive testimony concerning what she saw. The Second District found no abuse of discretion. *Id.* at ¶¶61-62.

Magistrate Judge Merz recommended dismissing this claim because whether the trial judge abused his or her discretion is a state law question, not a constitutional question. Although Moody continues to explain why he believes the trial court abused its discretion, he does not address the fact that this claim is not cognizable in habeas corpus. The Court therefore DISMISSES the Third Ground for Relief WITH PREJUDICE.

## IV.

In his Fourth Ground for Relief, Moody argues that his due process rights were violated when multiple witnesses introduced hearsay statements at trial. Magistrate Judge Merz properly found that this is a state law evidence question that is not cognizable in habeas corpus. The Fourth Ground for Relief is subject to DISMISSAL WITH PREJUDICE on this basis.

## V.

With respect to the Fifth Ground for Relief, Moody, in his Traverse, raised numerous claims of prosecutorial misconduct that were not asserted in his Petition.[2] Magistrate Judge Merz correctly concluded that these claims are not properly before the Court and should be DISMISSED WITH PREJUDICE.

---

[2] The Fifth Ground for Relief, as asserted in the Petition, raises a claim of "fraud on the court." In his Traverse, Moody moves this to "Ground Eight."

6

## VI.

In his Sixth Ground for Relief, Moody argues that the trial court violated his Fifth and Sixth Amendment rights by allowing *ex parte* communications and conducting proceedings without his presence. More specifically, he challenges the trial court's handling of a note from the jury during deliberations.

Magistrate Judge Merz found that this claim is procedurally defaulted. It also fails on the merits because the record shows that there was no *ex parte* communication. Counsel for both sides was present during the conference in which the court discussed the jury note.[3]

Moody also appears to challenge the fact that the trial court responded to the jury note by replaying the portions of the jail phone calls that had been played in court. Magistrate Judge Merz noted that defense counsel agreed to that course of action, thereby waiving any objection. To the extent that Moody argues that his attorney provided ineffective assistance in failing to object, that claim is procedurally defaulted.

For the reasons set forth by Magistrate Judge Merz, the Court DISMISSES the Sixth Ground for Relief WITH PREJUDICE.

---

[3] To the extent that Moody now argues that he had a right to be physically present during this in-chambers conference, Magistrate Judge Merz notes that this claim is procedurally defaulted.

## VII.

In his Traverse brief, Moody asserts a claim of cumulative error. Like the claims of prosecutorial misconduct, this claim was not pled in the Petition. Because the claim of cumulative error is not properly before the Court, the Court DISMISSES it WITH PREJUDICE.

## VIII.

As previously noted, Moody's claim of fraud on the court was originally pled as the Fifth Ground for Relief. This claim is based on the introduction of an autopsy diagram allegedly showing Mr. Farr's entrance and exit wounds. At trial, the chief deputy coroner testified that he did not prepare the document and had never seen it.

Magistrate Judge Merz properly found that this claim is procedurally defaulted. It also fails on the merits. The exhibit was not introduced by the prosecution, but rather by Moody's own attorney on cross-examination, and the chief deputy coroner insisted that it was inaccurate. These circumstances simply do not support a claim of fraud on the court.

## IX.

For the reasons explained above, the Court ADOPTS Magistrate Judge Merz's Report and Recommendations and Supplemental Report and Recommendations, Docs. ##27, 38, and OVERRULES Petitioner's Objections thereto, Docs. ##36, 43.

The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1, as amended by Doc. #7, is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: May 18, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE