# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CURTIS MOODY,

        Petitioner,        :    Case No. 3:18-cv-139

- vs -                      District Judge Walter H. Rice
                                   Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
  Lebanon Correctional Institution

                                 :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Curtis Moody, is before the Court on Petitioner's Motion for Reconsideration of Newly-Discovered Evidence pursuant to Fed.R.Civ.P. 60(b)(2) and 60(d)(3)(ECF No. 55-1).

Fed.R.Civ.P. 60(b)(2) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

However, under Fed. R. Civ. P. 60(c), motions made under Fed. R. Civ. P. 60(b)(1), (2), or (3) must be made within one year after the entry of the judgment or order or the date of the proceeding. The one-year time limit on a 60(b) motion is jurisdictional. *Arrieta v. Battaglia*, 461

1

F.3d 861, 864 (7th Cir. 2006), cited with approval in *Mitchell v. Rees II,* 261 Fed. Appx. 825, 2008 U.S. App. LEXIS 927 (6th Cir. 2008).  Final judgment, the judgment from which relief is sought, was entered in this case on May 18, 2020 (ECF No. 46, 47).  Moody filed his Motion by placing it in the prison mailing system on September 5, 2021, and it is therefore untimely.

Moody also purports to bring this motion under Fed.R.Civ.P. 60(d)(3).  Fed. R. Civ. P. 60(d) is the savings clause in Rule 60 and preserves the ability to file an independent action in equity for relief from a judgment.  *Mitchell v. Rees*, 651 F.3d 593 (6th Cir. 2011).

> At this point it will also be beneficial to clarify the nature of plaintiff's action. Plaintiff continually asserts that this is an independent action 'pursuant to Rule 60[(d)].' This is not entirely accurate. Rule 60[(d)] merely provides, in relevant part [that] '[t]his rule [i.e., Rule 60] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, . . . or to set aside a judgment for fraud upon the court.' According to Wright and Miller, 'the reference to 'independent action' in the saving clause is to what had been historically known simply as an independent action in equity to obtain relief from a judgment.' 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38 (1973).

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987). Nonetheless, "[w]here the adverse party is not prejudiced[,] an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action." *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 81 n.7 (5th Cir. 1970); accord 11 Wright, Miller & Kane, Federal Practice & Procedure § 2868 n.30, at 405 (1995).

The "indispensable elements" of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett*, 840 F.2d at 1263 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973), and *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)).  This of course is not an independent action, but a motion brought in the original habeas corpus action.

But even assuming this were an independent action, Moody has not proven judgment was obtained by committing a fraud on this Court.  His "newly-discovered" evidence, which is in fact newly-created, is the report of a handwriting examiner purporting to show that the signature on a trial exhibit – an autopsy diagram – is not the genuine signature of the person whose name appears there.  But the Court already dealt with this issue in the initial Report and Recommendations in this case where the Magistrate Judge wrote:

> In his Sixth Ground for Relief as pleaded in the Petition and Eighth as argued in the Traverse Brief, Moody claims fraud on the court was committed by the introduction of a forged "autopsy examination report of entrance and exit wounds." (Traverse Brief, ECF No. 22, PageID 1604).
>
> As Moody states in his Petition, he raised this claim for the first time in his original Application for Reopening the direct appeal under Ohio R. App. P. 26(B)(ECF No. 1, PageID 9).  Moody's Application was untimely, filed well outside the ninety days allowed for such an application after the court of appeals entered judgment. The Second District denied the application on this basis. *State v. Moody,* Case No. CA26926 (2nd Dist. Jul. 25, 2017)(copy at State Court Record, ECF No. 15, Ex. 41, PageID 432). The court indicated that if it were to reach the merits, it would find there had been no fraud on the court:
>
>> As for the autopsy diagram, the excerpt of the transcript provided by Moody indicates that defense counsel (not the prosecutor) questioned the chief deputy coroner, Dr. Lee Lehman, about an autopsy diagram (Defense Exhibit A) that purported to show the entrance and exit wounds caused by the bullets that killed Jeffrey Farr, the victim. In response to those questions, Dr. Lehman indicated that he had not prepared the diagram, that he had never seen the diagram before, and that the diagram was inaccurate.

> During his direct examination, Dr. Lehman had testified about the location of the bullet wounds, and there was substantial evidence that Farr had been shot six times and died from his injuries. We find no reasonable probability that Moody would have prevailed on claims that the autopsy diagram was a fraud on the court and provided "insufficient" evidence at trial.
>
> Id. at PageID 433.
>
> In his Traverse Brief, Moody quotes the portion of the transcript where the autopsy diagram, a defense exhibit, is being shown to Dr. Lehman by defense counsel Lachman. Lehman says he did not draw the diagram and repeatedly disavows its accuracy. Certainly Dr. Lehman committed no fraud on the court. Nor did the prosecution: **this was a defense exhibit** used in cross-examination by defense counsel. If defense counsel produced the diagram or had it drawn to use in cross-examination, he utterly failed to get Dr. Lehman to accept it as accurate (emphasis supplied).

(Report and Recommendations, ECF No. 27, PageID 1642-43, adopted at ECF No. 46, PageID 1765).

Even if the handwriting expert's report were new relevant evidence, this is not the court in which to present it. The autopsy diagram was initially presented to the Common Pleas Court. If presenting it constituted a fraud on any court, it was that court. In fact, this Court considered no new evidence because it was not authorized to do so under *Cullen v. Pinholster*, 563 U.S. 170 (2011). If any court is to consider Moody's new evidence, it must in the first instance be the Court of Common Pleas.

**Conclusion**

Based on this analysis, the Magistrate Judge respectfully recommends Petitioner's Motion for Relief from Judgment be denied. Because reasonable jurists would not disagree with this

4

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 22, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.