# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CURTIS MOODY,

        Petitioner,      :    Case No. 3:18-cv-139

- vs -                      District Judge Walter H. Rice
                                  Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
  Lebanon Correctional Institution

                                  :

        Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

This habeas corpus case, brought *pro se* by Petitioner Curtis Moody, is before the Court on Petitioner's Motion for a Stay of this Court's consideration of his Motion for Relief from Judgment pending the outcome of a motion for new trial in the Common Pleas Court of Montgomery County, Ohio (ECF No. 60).

A Motion for Stay is a non-dispositive matter which can be decided by an assigned Magistrate Judge in the first instance, subject to objection under Fed.R.Civ.P. 72(a).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims

1

Case: 3:18-cv-00139-WHR-MRM Doc #: 62 Filed: 10/25/21 Page: 2 of 3 PAGEID #: 1874

> first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Moody seeks a stay pending his presentation of newly-discovered evidence to the trial court, to wit, the Report of Questioned Documents Examiner Burt Baggett that the name of the physician who performed the autopsy in this case, Dr. Lenehan, was printed on a trial exhibit by Dayton Police Detective Thomas Cope. Although Moody has presented Baggett's Report to this Court, he gives no indication that has filed anything in the Common Pleas Court as yet.

Because Moody's conviction for the murder of James Farr occurred almost six years ago, he must first obtain the permission of the Common Pleas Court to file a motion for new trial, showing that he was "unavoidably prevented" from filing the motion within fourteen days of verdict. Ohio R. Crim. P. 33(B). Presumably he will tell that court that the reason for the delay is that Baggett's Report did not exist until June 3, 2021.

Moody's Motion for Stay is DENIED for the following reasons.

First of all, there is no pending mixed habeas petition before this Court. Instead, the Court entered final judgment dismissing the Petition on May 18, 2020 (ECF No. 47). The Petition was not mixed at that time; all claims decided then were exhausted. That judgment has been affirmed

by the Sixth Circuit. *Moody v. Harris,* Case No. 20-3618 (6th Cir. Aug. 26, 2020)(copy at ECF No. 52). That court made no suggestion that the Petition was mixed. Thus the rationale for a stay under *Rhines* – preserving a petitioner's statute of limitations opportunity – is not present here.

Secondly, a *Rhines* stay is not justified when the underlying claim is "plainly meritless." The Magistrate Judge's analysis to that effect is included in a Substituted Report and Recommendations on Petitioner's Motion for Relief from Judgment filed contemporaneously with this Decision.

October 25, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge