IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CURTIS MOODY,           :
    Petitioner,
                                           :
   v.                                        :    Case No. 3:18-cv-139

TOM SCHWEITZER, Warden,      :    JUDGE WALTER H. RICE
Lebanon Correctional Institution,
    Respondent.                          :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S SUBSTITUTED REPORT AND RECOMMENDATIONS (DOC. #63); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #64); OVERRULING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (DOC. #55); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; CASE TO REMAIN TERMINATED ON DOCKET

---

On May 18, 2020, the Court dismissed Petitioner Curtis Moody's Petition for Writ of Habeas Corpus, and entered judgment against him. Doc. #46. The Sixth Circuit denied a certificate of appealability, Doc. #52, and the United States Supreme Court denied a petition for writ of certiorari, Doc. #54.

On September 22, 2021, Petitioner filed a Motion for Relief from Judgment, Doc. #55, asking the Court to consider newly-discovered evidence in the form of an expert witness report. At trial, on cross-examination, Defendant's counsel presented an autopsy diagram to Dr. Lehman, the chief deputy coroner. The diagram purported to show entrance and exit wounds of the victim. *See* Doc. #55-

3, PageID##1820-21. Dr. Lehman, whose name is *printed* at the bottom of this diagram, insisted that he had never seen it before and that it was inaccurate.

Petitioner, who is proceeding *pro se*, claims that Dayton Police Officer Thomas J. Cope created that autopsy diagram and then forged Dr. Lehman's signature on it, thereby giving rise to a claim of fraud on the court. In June of 2021, Petitioner obtained a written report from a handwriting expert who opines that Officer Cope is, in fact, the individual who handprinted Dr. Lehman's name at the bottom of the diagram.

Petitioner asked the Court to consider this new evidence under Fed. R. Civ. P. 60(b)(1) or (2), which allows the Court to grant relief from a final judgment for various reasons, or Fed. R. Evid. 60(d)(3), which allows the Court to set aside a judgment for fraud on the court.

United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #56, recommending that the Court deny the motion. After Petitioner filed Objections, Doc. #59, the matter was recommitted to the Magistrate Judge who, on October 25, 2021, issued a Substituted Report and Recommendations, Doc. #63. This matter is currently before the Court on Petitioner's Objections thereto, Doc. #64.

Based on the reasoning and citations of authority set forth by Magistrate Judge Michael R. Merz in his Substituted Report and Recommendations, Doc. #63, as well as upon a thorough *de novo* review of this Court's file and the applicable

law, the Court ADOPTS said judicial filing in its entirety. For the following reasons, the Court OVERRULES Petitioner's Objections thereto, Doc. #64.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(1) or (2), Magistrate Judge Merz found that his motion was untimely, having been filed more than 15 months after judgment was entered, and that this Court therefore lacked jurisdiction to consider it. Doc. #63, PageID#1881 (citing Fed. R. Civ. P. 60(c)(1)).

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(d)(3), Magistrate Judge Merz found that the claim of fraud on the court, although timely, was procedurally defaulted, given that the Ohio R. App. P. 26(B) application was denied as untimely. *Id.* at PageID#1882. Magistrate Judge Merz also found that this claim failed on the merits. To succeed on such a claim, a plaintiff must prove conduct: (1) on the part of an officer of the court; (2) directed to the "judicial machinery" itself; (3) that is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) that is a positive averment or concealment when one is under a duty to disclose; and (5) that deceives the court. *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010).

The Magistrate Judge found that Officer Cope was not an "officer of the court," as that term is commonly defined. Moreover, the autopsy diagram was produced by the prosecution during discovery, and marked as an exhibit by defense counsel during Dr. Lehman's cross-examination. Officer Cope did not present it to the Court as a witness. Nor did he testify that Dr. Lehman drew the

3

diagram. The fact that Officer Cope handprinted Dr. Lehman's name on the document does not render the document "false." The matter was referred to Dr. Lehman, who performed the autopsy. There is no "signature" on the document purporting to show that it was authored by Dr. Lehman. In addition, no court was deceived into believing that Dr. Lehman drew the autopsy diagram in question.

For these reasons, Magistrate Judge Merz recommended that the Court overrule Petitioner's motion, and deny a certificate of appealability and leave to appeal *in forma pauperis*.

In his Objections, Petitioner argues that his Rule 60(b)(2) claims are subject to equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010), given that he requested the handwriting analysis on April 19, 2021, but did not receive the expert report until June 3, 2021. To succeed on a claim of equitable tolling, Petitioner must show that he diligently pursued his rights and that some extraordinary circumstance stood in his way to prevent timely filing. *Id.* at 649.

Petitioner argues that he did not obtain funds to request the expert witness report until April of 2021. However, he has been aware of this claim since at least 2016. *See* Doc. #55-2, PageID##1815-16. He has failed to show that he diligently pursued his rights, or that some extraordinary circumstance prevented his untimely filing. Equitable tolling is therefore unwarranted. Moreover, Fed. R. Civ. P. 6(b)(2) prohibits the Court from extending the time to file a motion under Fed. R. Civ. P. 60(b). Accordingly, Petitioner's objection is overruled.

4

As to Petitioner's claims under Rule 60(d)(3), the Court concludes, for the reasons discussed at length in the Substituted Report and Recommendations, that, not only is this claim procedurally defaulted, but it also fails on the merits. Petitioner simply has not established any of the requisite elements of a claim of fraud on the court.

As such, the Court OVERRULES Petitioner's Motion for Relief from Judgment, Doc. #55. Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 24, 2021

(tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE